Questions reserved for hearing in bane, on the following case stated: *Page 285 
The defendant agreed in writing to purchase of the plaintiffs a a tract of land in New Castle county, at a certain sum, if a good title could be had to the same. The plaintiffs' title was under Isaac Jaquett, who was still alive and had many children, and his title was derived under the will of John Jaquett, as follows: "I give, devise, and bequeath to my son, Isaac Jaquett, all my plantation, c., c., after the legacies heretofore bequeathed to his brothers and sisters shall have been satisfied, and not sooner, to hold to him my said son Isaac, for and during his natural life; and after his decease, then to the oldest male heir of his body lawfully begotten; and in case my said son Isaac should die without such male heir of his body lawfully begotten, in such case it is my will that the plantation, c., c., shall go to the next eldest male heir bearing the name of Jaquett in my family, to hold to such eldest male, if one, so long as wood shall grow or water flow; and for want of male issue as aforesaid, then to the next eldest female heir in my family forever."
Isaac Jaquett entered; paid the legacies, and conveyed the premises to William Polk, who conveyed to plaintiffs.
The question was, what estate Isaac Jaquett took under the will; if an estate tail, judgment to be rendered for the plaintiffs; if only a life estate, judgment to be for defendant.
Mr. Gray, for the plaintiffs, argued the case in writing, and assumed that Isaac Jaquett took an estate of inheritance. (1 Vent., 230;Burley's case.) Devise to A. for life, remainder to the next male heir;
in default of such heir, remainder over; A. takes an estate tail. (1 P.Wms., 87, Legate vs. Sewell.) Devise to W. L. for life, and after his decease to the heirs male of the body of said W. L., and the heirs male of the body of every such heir male, c. W. L. takes an estate tail. (8T. Rep., 518, Morris vs. Ward; Amb., 453, Dubber vs. Trollope; 2 LordRay., 1437, Goodwright vs. Pullen.)
The words "eldest male heir of his body," in the will of John Jaquett, are words of limitation, and not words of purchase. A construction making them words of purchase would defeat the intention of the testator, by making "the eldest male heir" the head of a line of succession to the estate devised; this would be contrary to and different from what the testator intended.
The rule in Shelley's case clearly applies to the construction of this will; it is a part of the law of Delaware. *Page 286 
 Mr Bayard, for the defendant, said that his own view of the case agreed with Mr. Gray's, but it was not settled by any decision in this State, and it was important to settle the title; this case was stated for the purpose. He referred to 16 Johns., 382, Anderson vs. Eden, and he argued that unless the rule in Shelley's case were adopted as the law of this State; the intention plain on the face of the will, was that Isaac Jaquett took only a life estate.
He admitted that if the rule in Shelley's case was the rule of property in this State, this case came within it; and he also admitted that he had always supposed that rule was the law here, as well as in England; but if that were not so, he thought the intention as to the life estate was clear; and that such intention would control and be carried out, even though the subsequent intention also appeared on the will, could not be carried out, because it would create a perpetuity.
Judgment. — And now, to wit: this sixth day of June, A. D. 1850, this cause coming on to be heard by and before all the judges in the court here, and the same being debated by counsel, and the court having heard and considered the question of law which was directed to be heard before this court, it is ordered and adjudged by the court here, that the said Isaac Jaquett, the devisee named in the case stated, took an estate of inheritance under and by virtue of the devise set forth in the case stated, as contained in the said last will and testament of the said John Jaquett, deceased, in the said plantation and tract of land therein mentioned and described. And it is further ordered, that the record and proceedings in this cause be remanded and certified to the Superior Court of New Castle county.